UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>D. BAUGHMAN, et al.,<br><br>   Defendants. | Case No. 1:19-cv-01459-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. 63)<br><br>21-DAY DEADLINE<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF AS MOOT**<br><br>(Doc. 75) |

Before the Court is Defendants' motion to dismiss this action with prejudice pursuant to 28 U.S.C. 1915(e)(2)(A). (Doc. 63.) For the reasons set forth below, the Court recommends that the motion be granted.

**I.  STATEMENT OF FACTS**

Plaintiff filed an application to proceed *in forma pauperis* (IFP) in this matter on October 21, 2019. (Doc. 3.) In response to questions asking if Plaintiff had "received any money . . . over the last twelve months," Plaintiff answered, "No." (*Id.* at 1.) In response to a question asking if he had any cash on hand, including in a checking or savings account, Plaintiff answered, "No." (*Id.* at 2.)

///

1    Plaintiff attached to his application an inmate trust account statement from the California
2  Department of Corrections and Rehabilitation. (*Id.* at 3-5.) The statement indicates that on May
3  10, 2019, Plaintiff received two settlements checks totaling $7,500. (*Id.* at 3.) It also indicates that
4  Plaintiff transferred $6,725 from his account to one Guadalupe on June 3 and 13, 2019. (*Id.*)
5  Plaintiff had $9.25 in his account when he filed his application on October 21, 2019. (*See* Doc. 6.)
6    In the instant motion, Defendants argue that "[b]ecause Plaintiff materially misrepresented
7  his income" in his IFP application, the "Court must dismiss his case as required by 28 U.S.C.
8  1915(e)(2)(A)." (Doc. 63-1 at 1.)

9  **II.    DISCUSSION**

10    The *in forma pauperis* statute provides that a person may proceed in a case "without
11  prepayment of fees" if he "submits an affidavit that includes a statement of all assets such
12  [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). The court,
13  however, "*shall* dismiss the case at any time if the court determines that . . . the allegation of
14  poverty is untrue." *Id.* § 1915(e)(2)(A) (emphasis added). "Thus, if the Court were to find that
15  Plaintiff's allegation of poverty [were] false, it would have 'no choice' but to dismiss his" case.
16  *Ruffin v. Baldwin*, No. 18-cv-1774-NJR, 2018 WL 6266652, at *2 (S.D. Ill. 2018) (citation
17  omitted). Mere "misrepresentation[s] of . . . financial assets might not necessarily rise to the level
18  of an untrue allegation of poverty requiring dismissal in all cases;" but "dismissal . . . is certainly
19  appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad
20  faith." *Vann v. Comm'r of N.Y. City Dep's of Correction*, 496 F. App'x 113, 115 (2d Cir. 2012)
21  (citation omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (to
22  dismiss case "pursuant to § 1915(e)(2), a showing of bad faith is required, not merely
23  inaccuracy"). "Bad faith in this context includes deliberate concealment of income in order to
24  gain access to a court without prepayment of filing fees." *Vann*, 496 F. App'x at 115 (citation
25  omitted).

26    It is clear that Plaintiff misrepresented his income by answering "No" to questions asking
27  if he had received any money within the twelve months prior to submitting his IFP application.
28  Plaintiff does not dispute this. (*See generally* Doc. 71.) Plaintiff states that he answered "No"

because he was "taught" to answer the application questions in this manner by "other jail-house lawyers." (*Id.* at 5.) He states that he did not intend to mislead the Court, though, because he provided his trust account statement with his application, which showed that he had received the $7,500 in settlement funds. (*See id.* at 5-6.)

The Court finds Plaintiff's arguments unavailing. As Defendants note, Plaintiff is an experienced litigator, having filed and obtained IFP status in at least 10 civil rights cases.[1] (Doc. 63-1 at 5.) *See Vann*, 496 F. App'x at 116 (noting that the plaintiff was "an experienced litigator with extensive knowledge and familiarity with the *in forma pauperis* system"). "That experience, plus the timeline of relevant events in this action, shows plaintiff's deceptive conduct." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB, 2020 WL 2512383, at *6 (E.D. Cal. 2020). Plaintiff filed an administrative grievance regarding the claims in this case on October 21, 2018, for which he received a disposition at the third level of review on April 30, 2019. (Doc. 1 at 36-41, 47-48.) As an experienced litigant, Plaintiff knew in April, at the latest, that he might file suit regarding his claims. Yet, when he received $7,500 in May, he transferred most of it to his mother in June and spent the rest, instead of retaining the necessary $400 to pay the filing fee. This case is akin to *Witkin*, where the plaintiff, also an experienced litigator, transferred nearly all of his money to his mother before applying for IFP status, even though the circumstances showed he "had an idea" beforehand "that he may file suit." *See* 2020 WL 2512383, at *6.

Under penalty of perjury, Plaintiff then knowingly misstated in October that he had received no income in the previous twelve months. It is no excuse that he was "taught" to do this by other inmates, or that his inmate trust account statement clearly revealed his falsehood. "An applicant has to tell the truth, then argue to the judge why seemingly adverse facts . . . are not dispositive. A litigant can't say, 'I know how the judge *should* rule, so I'm entitled to conceal material information from [the court].'" *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016).

Under these circumstances, the Court finds that Plaintiff misrepresented his financial situation in bad faith to obtain IFP status. Accordingly, this case should be dismissed with

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

prejudice. *See Witkin*, 2020 WL 2512383, at *6; *David v. Wal-Mart Stores, Inc.*, 669 F. App'x 793, 795 (7th Cir. 2016) ("[a]busing th[e IFP] privilege warrants dismissal with prejudice as a sanction"); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983); *Vann*, 496 F. App'x at 116; *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 469 (S.D.N.Y. 2004).

### III. RECOMMENDATION AND ORDER

For the reasons set forth above, the Court RECOMMENDS that Defendants' motion to dismiss this case with prejudice (Doc. 63) be GRANTED. The Court DENIES Plaintiff's "motion requesting the determination of submitted matters" (Doc. 75) as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 14, 2021__          _____ /s/ Jennifer L. Thurston
                                       CHIEF UNITED STATES MAGISTRATE JUDGE