UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>BAUGHMAN, *et al.*,<br><br>   Defendants. | No.  1:19-cv-01459-ADA-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)<br><br>(ECF No. 88) |

  Plaintiff Ronald F. Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On September 2, 2022, the Court adopted the Magistrate Judge's findings and recommendations in full, granting Defendants' motion to dismiss, with prejudice, due to Plaintiff's untrue allegation of poverty on his *in forma pauperis* (IFP) application.  (ECF No. 86.)  On the same date, judgment was entered accordingly, and the action was closed.  (ECF No. 87.)

  On September 16, 2022, Plaintiff filed the instant motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 88.)  Defendants did not file an opposition to the motion.

  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests

1

of finality and conservation of judicial resources.'"  *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (internal quotations & citations omitted).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Under Rule 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

    In his motion, Plaintiff largely reiterates the arguments in his objections to the findings and recommendations, which had already been considered by this Court.  (*See* ECF No. 81 at 5, 6-9.)  Plaintiff argues that the Court failed to determine Plaintiff's poverty and other material evidence when the Court adopted the Magistrate Judge's findings and recommendations, and that the Court may not have conducted a *de novo* review of the Magistrate Judge's findings and recommendations.  (ECF No. 88 at 2, 4.)  Plaintiff further contends that the Court erred, as a matter of law, in dismissing the action with prejudice, creating a manifest injustice.  (*Id.* at 3.)  Nowhere in his motion does Plaintiff identify any change in controlling law or newly discovered evidence to necessitate amending the judgment under Rule 59(e).  Although Plaintiff asserts that the Court's decision to dismiss Plaintiff's action with prejudice is a manifest injustice, the Court, in fact, conducted a *de novo* review of the case and found such decision was warranted.  (ECF No. 86.)

///
///
///
///
///
///
///
///
///

2

1   Upon review of Plaintiff's motion and the record in this action, the Court finds no grounds
2   to alter or amend its final order dismissing this action for Plaintiff's bad faith misrepresentation of
3   his financial circumstances to obtain IFP status.
4   ACCORDINGLY,
5   1. Plaintiff's motion to alter or amend the judgment, (ECF No. 88), is DENIED; and
6   2. This action remains closed.
7   IT IS SO ORDERED.
8
9
10  IT IS SO ORDERED.
11  Dated:   October 24, 2022                    _____
                                                  UNITED STATES DISTRICT JUDGE
12
13

3